IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-299-BO

| | |
|---|---|
| SYLVIA RESENDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| C. R. BARD, INC. and BECTON ) | |
| DICKINSON, INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendants' motion to dismiss [DE 13]. For the reasons discussed below, the motion [DE 13] is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Plaintiff brings this action to recover for injuries suffered from the Bard Ajust, a polypropylene pelvic mesh product that was implanted in her in September 2011. Though never part of the multidistrict litigation in the Southern District of West Virginia, this case is similar to thousands of other cases brought against Bard and other medical device companies concerning transvaginal surgical mesh.

Plaintiff brings claims in negligence, strict liability, breach of express warranty, breach of implied warranty, and for punitive damages. Defendants filed the instant motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all but plaintiff's claim for negligent design. Plaintiff has voluntarily dismissed her claims based in strict liability and her punitive damages

1

claim to the extent it was alleged in the complaint as a separate cause of action. Defendants' motion is fully briefed and is ripe for disposition.

## DISCUSSION

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a Rule 12(b)(6) challenge, plaintiff's complaint must articulate facts, that when taken as true, show plaintiff has stated a claim for relief that is facially plausible. *Id.* at 193 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Facial plausibility means that the facts pleaded "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Iqbal*, 556 U.S. at 678.

Under North Carolina's choice-of-law rules, the substantive laws of North Carolina govern this case because plaintiff's alleged injuries occurred in North Carolina. *Martin Marietta Materials, Inc. v. Bondhu, LLC*, 241 N.C. App. 81, 83 (2015).

Throughout their motion to dismiss, defendants advance arguments that the MDL court repeatedly rejected in cases arising from North Carolina. Defendants offer no justification as to why this Court should depart from the approach taken by the MDL court.

Negligence—Failure to Warn

Plaintiff has sufficiently alleged that defendants made misrepresentations to the medical community and to her implanting surgeon, and that these misrepresentations were the proximate cause of her injuries. Her negligent failure to warn claim is not barred by the learned intermediary doctrine. *See e.g., Justus v. Ethicon, Inc.*, 2016 WL 7404712, at *3 (S.D.W.Va. Dec. 21, 2016); *Simmons v. Bos. Sci. Corp.*, 2015 WL 2137145, at *4 (S.D.W.Va. May 7, 2015); *In re Bos. Sci. Corp., Pelvic Repair Sys. Prod. Liab. Litig.*, 2015 WL 1509380, at *5 (S.D.W.Va. Apr. 1, 2015).

2

Negligence—Manufacturing Defect

Plaintiff's complaint is devoid of allegations stating a plausible claim for negligent manufacturing. Rather, plaintiff's complaint targets the design, the materials, and certain propensities inherent in the Bard Ajust. These are allegations supporting a negligent design claim, not a negligent manufacturing claim. *Simmons*, 2015 WL 2137145, at *5. Accordingly, plaintiff's negligent manufacturing claim is dismissed.

Breach of Express Warranty

Plaintiff has sufficiently alleged that defendants misrepresented to the medical and healthcare community, including to her implanting surgeon, that the Bard Ajust was safe and effective for treating stress urinary incontinence and pelvic organ prolapse. And as the MDL court determined, plaintiff's breach of express warranty claim is not barred for lack of privity under North Carolina law because plaintiff plausibly alleged that she relied on her surgeon's medical judgment, which was formed by defendants' express warranties. *See, e.g.*, *Justus*, 2016 WL 7404712, at *5 (citing *Alberti v. Manufactured Homes, Inc.*, 329 N.C. 727, 736–37 (1991)); *Felan v. Bos. Sci. Corp.*, 2015 WL 2137180, at *7 (S.D.W.Va. May 7, 2015) (same)); *Brown v. Bos. Sci. Corp.*, 2015 WL 1956346, at *6 (S.D.W.Va. Apr. 29, 2015) (same).

Breach of Implied Warranty

Plaintiff has sufficiently alleged that defendants negligently designed the Bard Ajust. Accordingly, plaintiff has also sufficiently alleged that the product violated the implied warranty of merchantability. *See, e.g.*, *Felan*, 2015 WL 2137180, at *6; *Frankum v. Bos. Sci. Corp.*, 2015 WL 1956298, at *7 (S.D.W.Va. Apr. 29, 2015).

3

## CONCLUSION

For the reasons discussed above, defendants' motion [DE 13] is GRANTED IN PART and DENIED IN PART. Plaintiff's claims based for strict liability, negligent manufacturing, and punitive damages as a separate cause of action are DISMISSED. Plaintiff's claims for negligent design, negligent failure to warn, breach of express warranty, and breach of implied warranty will go forward.

SO ORDERED, this __19__ day of April, 2020.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE